UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-60109-RS

UNITED STATES OF AMERICA

vs.

NADER HAROUN SHEHATA,

Defendant.
_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and **NADER HAROUN SHEHATA** (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 2 of the Information, charging that the defendant caused the introduction and delivery for introduction into interstate commerce of misbranded prescription drugs and adulterated and misbranded prescription medical devices, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that

1

the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in the paragraph above and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that as to Count 2, the Court may impose a statutory maximum term of imprisonment of up to one (1) year, followed by a term of supervised release of up to one (1) year, or a statutory maximum term of probation of up to five (5) years. In addition to a term of imprisonment and supervised release or a term of probation, the Court may impose a fine of up to the greater of $100,000 or twice the gross gain or loss from the offense, and may order restitution. Pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant The defendant agrees to pay restitution, jointly and severally, with defendant DERMA LASER CENTER, LLC, in the amount of six hundred twenty eight thousand one hundred sixty-nine dollars and ninety-seven cents ($628,169.97). Further, the defendant, jointly and severally, with defendant DERMA LASER CENTER, LLC, agrees to pay one-half of the restitution ($314,084.99) at the time of sentencing with the remainder ($314,084.97) to be paid on a scheduled determined by probation. The court may also order forfeiture.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment of $25.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment,

the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: That the base offense level is 6, pursuant to Section 2N2.1(a);

    b. The Office agrees to join the Defendant in its recommendation of a sentence of three (3) years probation.

8. The Defendant understands that this Office's sentencing recommendation is not binding upon the Court, and the Court may impose any sentence it deems appropriate, up to and including the statutory maximum penalties. The parties further agree that, if the defendant decides not to plead guilty or, after pleading guilty, attempts to withdraw any plea, any statement he has made or may make in the future to any law enforcement personnel at any time can be used against him for any purpose, including as evidence in the government's case-in-chief against him in any trial. In that regard, the defendant specifically waives any rights he may otherwise have under Federal Rule of Evidence 410 and Rule 11 of the Federal Rules of Criminal Procedure.

9. The Defendant agrees to not practice medicine for a period of two years effective at the time of the sentencing.

10. The defendant knowingly and voluntarily admits that the property listed in "**Exhibit A**" (hereinafter, the "Property"), which is attached to this Plea Agreement, was misbranded when introduced in interstate commerce in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1), as alleged in Count 2 of the Information to which he agrees to plead guilty herein.

11. The defendant knowingly and voluntarily agrees that the Property is therefore subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 334(a).

12. The defendant knowingly and voluntarily agrees to waive his right to a hearing,

4

pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Property and offense to which he agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Property.

13. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Property:

    (a) All constitutional, legal, and equitable defenses to such forfeiture;

    (b) Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    (c) Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

    (d) Any right he may have to an appeal of any resulting order of forfeiture regarding Property.

14. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Property agreed upon herein shall **not** be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include, among other things, identification of any other property subject to forfeiture.

15. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that

the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

16. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further acknowledges that it is satisfied with the representation of its attorney in the instant matter. The defendant further agrees, together

with the United States, to request that the Court enter a specific finding that the defendant's waiver of its right to appeal was knowing and voluntary.

17. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/4/2020   By: _____
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY

Date: 12-6-20   By: _____
LAWRENCE HASHISH
ATTORNEY FOR DEFENDANT

Date: 12/04/2020   By: _____
NADER HAROUN SHEHATA, DEFENDANT

7